UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION

JOEL HERMAN,

                      Plaintiff,

- versus -

THE CITY OF NEW YORK, et al.,
ROCHEL HERMAN, DAVID KLEIN,
ARON GREENBERG, ARON MANDEL,
JOEL TEITELBAUM, LEON EISNER,
JOEL NAIM YACOOB,

                      Defendants.

MEMORANDUM
AND ORDER
15-cv-3059 (JG)

A P P E A R A N C E S:

    THE SCHWARZ FIRM PLLC
        954 Lexington Ave., No. 261
        New York, NY 10021-5013
    By:    Simon Schwarz
        *Attorney for Plaintiff*

    JOSHUA E. ABRAHAM, ESQ.
        230 Park Ave., Ste. 850
        New York, NY 10169
    By:    Joshua E. Abraham
        *Attorney for Defendants Rochel Herman, David Klein, Aron Greenberg, Aron Mandel, and Joel Naim Yacoob*

    BAUMAN & KUNKIS, P.C.
        14 Penn Plaza
        225 West 34th St.
        New York, NY 10122
    By:    Martha H. Kunkis
        *Attorney for Defendant Leon Eisner*

JOHN GLEESON, United States District Judge:

Plaintiff Joel Herman brings this action against defendants pursuant to 42 U.S.C. § 1983, claiming false arrest, malicious prosecution, and unreasonable search and seizure. Herman also alleges a violation of 42 U.S.C. § 1985(2) for conspiracy to deprive him of constitutional rights, as well as state law claims for malicious prosecution, civil conspiracy, and unlawful search and seizure.

Defendants Rochel Herman, David Klein, Leon Eisner, Aron Greenberg, Aron Mandel, and Joel Naim Yaccob (collectively, the "Private Defendants") move to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff fails to allege a legally cognizable cause of action against them. For the reasons stated below, I agree, and the motion is granted.

BACKGROUND

Herman's amended complaint alleges the following facts, which I assume to be true for purposes of this motion. *See, e.g., Freidus v. Barclays Bank PLC*, 734 F.3d 132, 135 (2d Cir. 2013) ("On a motion to dismiss for failure to state a claim on which relief can be granted, we assume the truth of the facts alleged.").[1]

Plaintiff Joel Herman and defendant Rochel Herman ("Rochel") are married but have been separated since February 2010. Am. Compl. ¶ 33. They have three children together

---

[1] Additionally, in considering a motion to dismiss, a court may take judicial notice of documents attached to, integral to, or referred to in the complaint, as well as documents filed in other courts and other public records. *See, e.g., Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006); *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). The Court is also permitted to consider "documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs.*, Inc., 987 F.2d 142, 150 (2d Cir. 1993). The Court takes notice of three documents attached to defendant's motion to dismiss: (1) a notarized audio transcript of a 911 call placed by the plaintiff on April 22, 2014; a criminal accusatory instrument attested to by defendant Weiber; and (3) an order to show cause signed by a state court on March 30, 2014. Plaintiff rightly assumes -- or admits to citing -- that the three exhibits meet the legal criteria for the Court to consider them. *See* Pl's Opp. to Mot. to Dismiss at 31.

and are engaged in a long-standing and highly contentious divorce proceeding. Am. Compl. ¶ 21, 33.

On April 22, 2014, two of their three children were brought from Rochel's home to Herman for visitation. *Id.* at ¶ 35. At that time, the two children stated to him that the third child, Aron, was "injured in a playground fall earlier that day," but they could not provide any additional details. *Id.* Herman walked to the local ODA Medical Center, a medical facility where his children frequent, to inquire if Aron had been treated there. *Id.* at ¶ 36. After learning that Aron was not treated at the medical center, Herman concluded that his third son was missing. *Id.* Herman asserts that he could not commence a search for his son until "late evening due to religious observances." *Id.* At approximately 10:15 p.m., Herman called the 90th police precinct to report his child missing. *Id.* He was instructed to call 911 and file a missing person report, which he did. *Id.* Police Officers Anthony D'Alto and Daniel Marussich responded to the call and came to Herman's residence to search for the child. *Id.* at ¶ 37; Abraham Decl., Ex. 2. Plaintiff continued to inform the police officers that his child was missing and that he was not aware of his wife's home address. Abraham Decl., Ex. 2. The son was later found sleeping at Rochel's home. *Id.*

Plaintiff was arrested on May 26, 2014 and alleges that he was "rearrested" on May 27, 2014 while still in custody from that initial arrest. Am. Compl. ¶ 52, 53. Plaintiff was first arrested for calling 911 and filing a false missing-person report. *Id.*; Abraham Decl., Ex. 2. After that initial arrest, he was found to be possessing stolen credits, which was the basis for his second arrest or "re-arrest." *Id.*; Abraham Decl., Ex. 2. Plaintiff was arrested a third time on May 30, 2014 for violating an order of protection issued by the state court judge presiding over his divorce proceedings. Am. Compl. at ¶ 76-87; *see also* Ex. 3.

DISCUSSION

On a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (internal quotation marks omitted). To survive such a motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 662 (citing *Twombly*, 550 U.S. at 555). A plaintiff's complaint "must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 680) (internal quotation marks omitted).

    A.    *Section 1983*

Section 1983 provides "'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). To make out a claim under § 1983, a plaintiff must demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* (internal quotation marks omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v.*

4

*Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). The under-color-of-state-law requirement can be satisfied by actions taken by private individuals only in certain limited circumstances, such as where the private actor exercises powers "traditionally exclusively reserved to the State," *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974), or performs conduct that is "fairly attributable to the state." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). The private actor must be shown to be "a willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

I conclude that Herman's § 1983 claims against the Private Defendants are based on conclusory allegations that are insufficient to support a claim. *See Spear*, 954 F.2d at 68 (conclusory allegations that a private entity acted in concert with a state actor do not suffice to state a § 1983 claim against the private entity). Plaintiff asserts his claims in generic, broad strokes: "a careful reading of the Amended Complaint itself, shows an abundance of well-pleaded, clear and specific factual allegations of extensive involvement and entwinement between the Private Defendants and police detective WIEBER and the other NYPD officers and detectives, including high ranking supervisors, employed in the 90th police precincts . . . with each of the Private Defendants playing a distinct role in a prearranged plan, understanding and meeting of the minds . . . ." Pl's Opp. to Mot. to Dismiss at 2. Yet plaintiff fails to state or point to actionable facts in the amended complaint that are legally sufficient for a § 1983 claim. In particular, the plaintiff alleges no specific facts that defendants Rochel, Klein, Eisner, and Mandel were involved in any significant way to arrest or prosecute him, or to deprive him of his

5

rights. Without more, the claims fail as a matter of law. *See Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972) ("A complaint cannot escape the charge that it is entirely conclusory in nature merely by quoting such words from the statutes as artifices, schemes, and devices to defraud and scheme and conspiracy. (internal quotation marks omitted)).

With respect to defendant Greenberg, the plaintiff alleges only that he provided a statement to a police officer and that the offer relied, in part, on his statement when deciding to arrest plaintiff with respect to Herman's first arrest.[2] Providing information to law enforcement -- even if that information is false or results in police action -- is insufficient to constitute "joint action" within the meaning of § 1983. *Young v. Suffolk Cnty.*, 705 F.Supp.2d 183, 196 (E.D.N.Y.2010) ("The provision of information to or summoning of police officers, even if that information is false or results in the officers taking affirmative action, is not sufficient to constitute joint action with state actors for purposes of § 1983." (citing *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 271 (2d Cir. 1999)); *Valez v. City of New York*, 2008 WL 5329974, at *1, *3 (S.D.N.Y. Dec. 16, 2008) (holding that plaintiff failed to state a § 1983 claim based on allegations that the defendants gave the police false information "out of malice and in an effort to get [the plaintiff] ejected from the home he was renting" where plaintiff failed to "allege facts suggesting that defendants and the police had any meeting of the minds or intent to conspire"); *see also Del Col v. Rice*, 2012 WL 6589839, at *8 (E.D.N.Y. Dec. 18, 2012) ("[T]o satisfy the joint activity requirement, there needs to be something more than an allegation that the private party supplied information, even false information, to the police." (citing *Stewart v. Victoria's Secret Stores, LLC*, 851 F.Supp.2d 442, 446 (E.D.N.Y.2012) ("A private party

---

[2] Plaintiff does not allege that defendant Greenberg was involved with the second or third arrests, which were based on allegations of stolen credit cards and a judicial order directing local authorities to assist in the return of Rochel and Herman's son.

6

supplying information or seeking police assistance 'does not become a state actor . . . unless the police officers were improperly influenced or controlled by the private party.'" (citations omitted))).

With respect to defendant Yacoob, plaintiff alleges only that he appeared in state court where he lobbied for his prosecution; charges that were eventually dropped. *See* Am. Compl. at ¶ 85, 86. Assuming this allegation as true, it does not rise to the level of liability under § 1983. "A person who tells law enforcement authorities that he or she thinks that a crime has been committed and does no more, does not thereby put him- or herself at risk of liability for malicious prosecution should the arrest or prosecution later be abandoned or result in an acquittal." *Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 217 (2d Cir. 2000); *see also Kash v. Honey*, 38 F. App'x 73, 76 (2d Cir. 2002); *Sankar v. City of New York*, 867 F. Supp. 2d 297, 310 (E.D.N.Y. 2012).

I also note that if police officer actions are based on the officer's own independent judgment, rather than the directive of the private party, the private party will not be deemed a state actor. *See Shapiro v. City of Glen Cove*, 236 F. App'x 645, 647 (2d Cir. 2007) ("No evidence supports [Plaintiff]'s contention that [the private defendant] acted jointly with the [municipal] defendants to deprive her of her constitutional rights, and ample evidence shows that the [municipal] officials who searched her house exercised independent judgment rather than acting at [the individual defendant's] direction.")); *Fisk v. Letterman*, 401 F.Supp.2d 362, 377 (S.D.N.Y.2005) ("[A] private party who calls the police for assistance does not become a state actor unless the police were influenced in their choice of procedure or were under the control of the private party."); *Serbalik v. Gray*, 27 F.Supp.2d 127, 131–32 (N.D.N.Y .1998) ("[A] private

7

party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority." (citations omitted)).

Accordingly, Herman's allegations of joint action are insufficient to state a § 1983 claim against the private defendants, and I therefore dismiss these claims.

B.  *Section 1985*

Section 1985(2) contains two separate clauses. The first makes it unlawful for "two or more persons . . . [to] conspire to deter, by force, intimidation, or threat, any party . . . in any court of the United States from attending such court." 42 U.S.C. § 1985(2). The second clause makes it unlawful for "two or more persons [to] conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State . . . with intent to deny to any citizen the equal protection of the laws . . . ." *Id.* The first clause expressly involves conspiracies to obstruct justice in federal courts, while the second clause involves conspiracies to obstruct justice in state courts. Unlike the first clause, which "outlaws all interference with any person's attempt to attend federal court," *Keating v. Carey*, 706 F.2d 377, 385 (2d Cir. 1983), the second clause explicitly requires that conspirators' actions "be motivated by an intent to deprive their victims of equal protection of the laws." This requirement has been interpreted to mean that plaintiff must allege discriminatory "racial, ethnic, or class-based animus" motivating the conspirators' action. *Zemsky v. City of New York*, 821 F.2d 148, 151 & n. 4 (2d Cir. 1987) (citing *Kush v. Rutledge*, 460 U.S. 719, 722-24 (1983)).

Here, there is no allegation that the alleged conspirators had any connection to pending proceedings in federal court. Further, there are no allegations that the purported conspirators were motivated by racial or other animus in any state court proceedings to deprive

Herman equal protection of the laws. Accordingly, Herman's conspiracy claims under § 1985 also fail.

C. *State Law Claims*

Because Herman's federal claims against the Private Defendants are dismissed, I decline to exercise supplemental jurisdiction over the state law claims he asserts against them.

## CONCLUSION

For the reasons stated above, the motion to dismiss the claims against the private defendants is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 9, 2016
      Brooklyn, New York