UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOEL HERMAN,

                            Plaintiff,

      -against-                                    **ORDER**
                                                             15-CV-3059-PKC-SJB

CITY OF NEW YORK,
POLICE DETECTIVE KENNETH WIEBER,
POLICE DETECTIVE ANTHONY D'ALTO,
JOEL TEITELBAUM,
POLICE SERGEANT JOHN STEWART,
POLICE LIEUTENANT JAMES DOHERTY,

                            Defendants.
------------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

       Non-party witnesses have moved Plaintiff to provide them with copies of their deposition transcripts for review to correct transcription errors. Citing Federal Rule of Civil Procedure 30(e) but no other authority, the non-party deponents argue that providing witnesses copies of their transcripts is customary in federal court. The motion is denied.

       The non-party witnesses misapprehend both Rule 30(e) and the customary practice in depositions. Prior to the close of the deposition, or immediately thereafter, the deponent must discuss with the *stenographer or court reporter* how he wishes to proceed with respect to reviewing the deposition. "As amended in 1993, Rule 30(e) requires review by the witness only if that is requested by a party before completion of the deposition. In those instances, the officer who recorded the deposition is to give the witness notice that the transcript or recording is available, and the witness then has 30 days to review it." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 2118 (3d ed. 2018). Regardless of whether the deponent has asked for review of the transcript within the 30-day period, there is no obligation for the party who noticed the deposition to provide a copy of the transcript. *See* Fed. R. Civ. P. 30(f)(3) ("When paid reasonable charges, *the officer* must furnish a copy of the transcript or recording to any party or the deponent.") (emphasis added). That would otherwise lead the noticing party to be burdened with both the cost of the court reporter *and* the cost of furnishing transcripts to all the other parties in the litigation. No rule—or customary practice—requires Plaintiff to provide the non-party witnesses with copies of deposition transcripts of their depositions. *See, e.g.*, *Rivera v. DiSabato*, 962 F. Supp. 38, 41 (D.N.J. 1997) ("Based upon the foregoing, and once again recognizing that the Federal Rules of Civil Procedure specifically require parties and deponents who seek to retain copies of deposition transcripts to assume the reasonable costs for their production, *see Fed[.] R. Civ. P[.]* 30(f)(2), plaintiff's motion for free transcripts of his deposition is hereby denied."); *see also* 7 James Wm. Moore et al., Moore's Federal Practice § 30.64 (3d ed. 2018) ("[T]here is no requirement that the party who took the deposition bear the cost of providing the other party or the deponent with a copy of the deposition transcript."). If the non-party witnesses need copies of their deposition transcripts, they may ask the court reporter and bear the costs for such copies. The motion is denied. To the extent that Defendants are seeking any relief specific to their depositions, they must separately file a motion seeking such relief. To the extent their response to the non-party deponents' motion seeks any relief, it is denied.

> */s/ Sanket J. Bulsara November 14, 2018*
> SANKET J. BULSARA
> United States Magistrate Judge

Brooklyn, New York

2