

ZACHARY W. CARTER
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

AIMEE K. LULICH
*Senior Counsel*
phone: (212) 356-2369
fax: (212) 356-3509
email: alulich@law.nyc.gov

December 19, 2018

VIA ECF
Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   Joel Herman v. City of N.Y., et. al.,
              15-CV-3059 (PKC) (SJB)

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York, Kenneth Wieber, Anthony D'Alto, James Doherty, and John Stewart in the above-referenced matter. I am informed by the New York City Administration for Children's Services ("ACS") that plaintiff served the agency with a subpoena for documents on Friday, December 14, 2018. A copy of the subpoena is annexed hereto as Exhibit "A." Plaintiff did not provide prior notice of the subpoena to defendants as required under Fed. R. Civ. P. 45(b)(1); rather, plaintiff's counsel emailed a copy of the subpoena to me on December 17, 2018. In addition to the failure to provide notice to defendants, the City will move to quash the subpoena and/or for a protective order on various other grounds, including that some or all of the subpoenaed documents are privileged and N.Y. Soc. Serv. Law § 422(4)(A) and NY Soc. Serv. Law §422(5)(a) prohibit their production. Accordingly, for the reasons set forth herein, defendants write to respectfully request that the Court quash the subpoena to ACS for failure to comply with Fed. R. Civ. P. 45(b)(1), or, in the alternative, that the Court grant the City an enlargement of time to file a motion to quash on behalf of ACS and postpone enforcement of the subpoena pending a decision on that motion.

      First, plaintiff's subpoena should be quashed because he has failed to provide prior notice of the subpoena as required under Fed. R. Civ. P. 45(b)(1). See, e.g., Cootes Drive L.L.C. v. Internet Law Library, Inc., No. 01 Civ. 877 (RLC), 2002 U.S. Dist. LEXIS 4529, *2-*3 (S.D.N.Y. Mar. 18, 2002) (failure to provide notice of subpoenas to counsel for all parties until day after subpoenas were served is a "manifest violation of Rule 45"); Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) ("The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date.")

(internal citations omitted).  Had defendants been given notice of the subpoena, they would have had an opportunity to object to its issuance and a motion to quash might have been avoided.

Additionally, defendants' counsel is consulting with ACS regarding its obligations under N.Y. Social Service Law.  It appears that plaintiff served the subpoena on ACS on December 14th, and that a motion to quash would be due by December 28, 2018.  However, I will be out of town on a previously-scheduled vacation from December 22, 2018 through January 6, 2019,[1] and am unable to fully brief the substantive issues by this Friday, December 21st.  Accordingly, should the Court deny defendants' motion to quash pursuant to Fed. R. Civ. P. 45(b)(1), defendants respectfully request an enlargement of time to file the motion to quash on behalf of ACS until January 14, 2019, and postpone enforcement of the subpoena pending a decision on that motion to quash.  See Allison v. Clos-ette Too, L.L.C., 2015 U.S. Dist. LEXIS 2826, at * 17 (S.D.N.Y. Jan. 9, 2015) (Noting that any prejudice resulting from lack of notice to the other party was mitigated because the Court postponed enforcement of subpoenas "in order to allow the plaintiff the opportunity to file the… motion [to quash].")

Accordingly, defendants respectfully request that the Court quash the subpoena to ACS for failure to comply with Fed. R. Civ. P. 45(b)(1), or, in the alternative, that the Court grant the City an enlargement of time to file a motion to quash on behalf of ACS, until January 14, 2019,  and postpone enforcement of the subpoena pending a decision on that motion.

Respectfully submitted,

Aimee Lulich
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division

cc: Simon Schwarz, Esq. (By ECF)

---

[1] Plaintiff's counsel was notified on December 10, 2018 that I would be out of town and unavailable to respond to any requests or subpoenas from December 22nd through January 6th.