

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

**Richard Bahrenburg**
*Senior Counsel*
email: rbahrenb@law.nyc.gov

April 8, 2022

BY ECF
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>Joel Herman v. City of New York, et al.</u>
            15-CV-3059 (PKC) (SJB)

Your Honor:

      I am an Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants Wieber and Mamys in the above-referenced matter. Defendants write to respectfully request the Court reconsider its decision denying defendants' motion for summary judgment on plaintiff's Malicious Prosecution and Denial of Right to Fair Trial claims with respect to defendants Wieber and Mamys. (ECF No. 251). This motion is made on the grounds that reconsideration is necessary to prevent a manifest injustice in the denial of qualified immunity.

    **I.**    **BACKGROUND**

      On March 1, 2021, defendants filed their motion for summary judgment, which was deemed fully-briefed and unopposed due to plaintiff's failure to meet any of the filing deadlines. (ECF Nos. 245 to 248). In sum, defendants contended that the there was probable cause for each of plaintiff's arrests and prosecutions, and at the very least, there was arguable probable cause entitling the defendants to qualified immunity. On March 28, 2022, the Court issued an order granting in part and denying in part defendants' motion for summary judgment (ECF No. 251). Relevant to this motion for reconsideration, the Court denied defendants Wieber and Mamys qualified immunity on plaintiff's Malicious Prosecution and Denial of Right to Fair Trial claims. As the Court did not address the undisputed fact that at the time defendant Wieber initiated the criminal prosecution against plaintiff on May 30, 2014, a New York State judge issued an order requiring: (1) the immediate return of plaintiff's child, (2) that the District Attorney be notified, (3) that the City's Administration for Children's Services be notified; and (4) that the NYPD assist in the child's return. The Court also did not address the undisputed fact that defendant Wieber did not believe he needed to provide the documents plaintiff had to the DA's office because Officer Wieber believed that the referenced New York State judge's order superseded all other orders. Because of this, Defendants respectfully submit that the focus of the Court in

determining qualified immunity should be on whether Wieber's belief that the New York Court judge's order superseded all prior orders and provided justification for the prosecution was reasonable. Instead, the Court noted that if the Court order plaintiff tried to show Wieber showed it was in fact plaintiff's visitation day, then Wieber would have had to disregard the later Court Order signed by the same judge and would have known there was no probable cause to prosecute. However, under even this framework, the Court would require Wieber to make a judgment call as to which Court Order to believe. That judgment call must then be viewed in the context of reasonableness given all the circumstances known to Wieber at the time. Defendants respectfully submit that should the Court consider these factors not addressed in that portion of its decision, it will find that qualified immunity is warranted.

## II. STANDARD OF REVIEW

A motion for reconsideration is proper where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Vornado Realty Tr. v. Marubeni Sustainable Energy, Inc., 987 F. Supp. 2d 267, 276 (E.D.N.Y. 2013) (citation and quotations omitted). However, "because the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Id. (citation and quotation omitted) (reversing prior denial of summary judgment and granting renewed motions for summary judgment to prevent manifest injustice). Reconsideration is appropriate here in order to prevent a manifest injustice, as discussed below.

## III. THE COURT SHOULD RECONSIDER ITS ORDER DENYING QUALIFIED IMMUNITY ON PLAINTIFF'S MALICIOUS PROSECUTION AND FAIR TRIAL CLAIMS.

The Court did not consider defendant Wieber's undisputed testimony that he believed the New York State Court judge's order, which directed the NYPD to assist in retrieving plaintiff's child (along with seeking the notification of the DA's office and child services), paired with Rochell's statement that plaintiff violated the visitation order, superseded any prior Court order. It is undisputed that Rochell told Wieber that plaintiff violated a visitation order and presented Wieber with the New York State Court judge's order indicating a violation of a visitation order, as it directed the DA's office to be notified as well as child services. Armed with this, the inquiry for qualified immunity should focus on whether it was reasonable for Wieber to believe, even if wrong, that any other Court order plaintiff had on his person, or presented by plaintiff's attorney, was superseded by the May 30, 2014 New York Court judge's order. Additionally, to the extent the Court would require Wieber to make a judgment call between two competing Court orders, that judgment call should be viewed from the reasonableness standpoint, considering the totality of the circumstances presented to Wieber.

As dictated by the Supreme Court of the United States, police officers are "entitled to qualified immunity" under 42 U.S.C. § 1983 "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at that time.'" District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018), quoting Reichle v. Howards, 566 U. S. 658, 664 (2012). A law is not clearly established unless "at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand that

what he is doing is unlawful." Wesby, 138 S. Ct., at 589 (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011)). "In other words, existing law must have placed the constitutionality of the officer's conduct 'beyond debate.'" Wesby, 138 S. Ct. at 589 (quoting al-Kidd, 563 U.S. at 741). This is a "demanding standard" that "protects 'all but the plainly incompetent or those who knowingly violate the law." Wesby, 138 S. Ct. at 589 (quoting Malley v. Briggs, 475 U. S. 335, 341 (1986). When a case concerns the defense of qualified immunity, the Court "considers only the facts that were knowable to the defendant officers." White v. Pauley, 137 S. Ct. 548, 550 (2017) (citing Kingsley v. Handrickson, 135 S. Ct. 2466, 2473 (2015) ("A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.")).

The Supreme Court has also "stressed the need to 'identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment.'" Wesby, 138 S. Ct. at 590 (quoting White v. Pauly, 137 S. Ct. 548, 552 (2017) (per curiam). In Wesby, the Supreme Court determined that the officers were entitled to qualified immunity for a false arrest claim where the plaintiffs failed to identify "a single precedent—much less a controlling case or robust consensus of cases—finding a Fourth Amendment violation 'under *similar circumstances*.'" Id. at 591 (emphasis added) (quoting White v. Pauly, 137 S. Ct. at 552).

Here, Wieber was presented with a very difficult situation where the safety of a child was at play. Wieber was presented with a valid Court Order which directed the police to immediately return plaintiff's child to the child's mother, and also provide notice to the DA's office and child services regarding plaintiff taking his child from school. In addition, the child's mother, Rochell, simultaneously informed Wieber that plaintiff was in violation of the visitation order. While plaintiff claims that when he was arrested, plaintiff attempted to show Wieber another court order, which purportedly established that he was not in violation of his visitation rights and was permitted to have his child, the officer was also in possession of the Court Orders indicating the opposite. Notably, both the Court orders at issue were signed by the same judge, however, the order which indicated that plaintiff was in violation was issued on the same day as plaintiff's arrest. In essence, on the date of plaintiff's arrest, he tried to convince Wieber that the New York Court judge was wrong and should not be believed because he was in possession of a contradictory Court order permitting visitation.

When faced with competing court orders from the same judge, it was reasonable for Wieber to believe that the most recent Court order—the one asking the DA's office and child services be notified-- superseded all other orders and was proof a crime was committed in the eyes of the Court. Accordingly, there is no evidence that Wieber intentionally withheld relevant evidence from the District Attorney's office. At best, when confronted with this choice on what to believe, Wieber's belief about the superseding effect of court orders was incorrect. Defendants respectfully submit that the Court overlooked these facts and that Wieber's incorrect belief was reasonable because the New York State Court judge made the same mistake in thinking plaintiff violated the same Court's prior visitation order. Accordingly, Defendants respectfully request that the Court reconsider its decision denying qualified immunity and instead grant defendants Wieber and Mamys qualified immunity.

Defendants thank the Court for its time and consideration in this regard.

Respectfully submitted,

/s/ *Richard Bahrenburg*

Richard Bahrenburg
Special Federal Litigation Division

cc: Simon Schwarz, Esq. (by E.C.F.)
*Attorney for Plaintiff*

4